

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

FILED

MAR - 6 2017

Clerk, U.S. District Court
Texas Eastern

| | | |
|---|---|---|
| Shelley Soniat<br>Plaintiff, | § | |
| | § | |
| | § | CASE NO: H:17cv166 |
| v. | § | |
| | § | Judge Amos L. Mazzant |
| TREC (Texas Real Estate Commission )<br>Defendant | § | Judge Christine A. Nowak |
| | § | |
| Texas Association of Realtors<br>Defendant | § | |
| | § | |
| National Association of Realtors<br>Defendant | § | |
| | § | |

### COMPLAINT

This Complaint is being filed by Plaintiff Soniat, who is asking that her Federal Question be answered.

Federal Question:

> **What are the rights of a person in an addendum to a lease housing situation?**
> **Would it be just the legal rights of the Fair Housing Act or**
> **would the Texas Property Code apply since there is an existing lease involved?**

Both the Texas Real Estate Commission and the Texas Association of Realtors sell or provide lease addenda to licensed Real Estate Agents.

Adding Tenants to a lease via lease addenda for Tenant change or by signing a new lease is a widely documented and accepted housing practice. The accepted industry standard to add a prospect tenant to an existing lease if to obtain the landlord permission before hand. Please see Exhibit 1, HUD's 19671 Lease Addendum which states:

> Household members authorized to live in this unit are listed below. The Tenant may not
> permit other persons to join the Household without notifying the (program administrator)
> and obtaining the Landlord's permission.

Please also see Exhibit 2, The Texas Apartment Association page on Renting Basics, If you have roommates or pets, available at this link - https://www.taa.org/renterinfo/rentingbasics which says:

> If you need to find another roommate to help with expenses, your new roommate will
> need to be approved by the property owner, and you may need to sign a new lease or a
> lease addendum.

Please also see Exhibit 3 - The Texas Association of Realtors LEASE AMENDMENT CONCERNING TENANT CHANGE and the Texas Real Estate Commission's Amendment to Contract.

Once someone follows the industry standard of asking for the Landlord's permission to be added to an existing lease, but before a new lease or an addendum to a lease is signed, what rights does this prospective tenant have?

If the Landlord or the Landlord's representatives were to break the law before the addendum to a lease is signed, what rights would this prospective tenant have?

If the Landlord or the Landlord's representatives were to retaliate against this prospective tenant, what rights would the prospective tenant have?

## The Fair Housing Act, 42 U.S.C. 3601 et seq.

The Fair Housing Act, 42 U.S.C. 3601 et seq., is a federal law giving American's rights in housing situations before they sign any legal documents. It is a pre-lease law.

The Fair Housing Act says it is illegal to retaliate against a prospective tenant if the retaliation is based on a protected class. (See Exhibit 4, The Fair Housing Act, 42 U.S.C. 3601 et seq.)

However the Texas property code says retaliation by landlord is an illegal act regardless of whether or not the retaliation is bases on a protected class. See Exhibit 5, Sec. 92.331. RETALIATION BY LANDLORD at this link: http://www.statutes.legis.state.tx.us/Docs/PR/htm/PR.92.htm#92.331

## BACKGROUND

In my case filed with TREC, I obtained permission from the Landlord to be added to the lease before hand. After I had obtained permission from the Landlord, the Landlord's representatives retaliated against me for pointing out that the employees of the property management company were breaking the law in the landlord financial favor. The Broker of the Property management company is a licensed Broker in the State of Texas. She uses leases by the Texas Association of Realtors, yet she does not follows laws or recognize rights of someone who has the Landlords permission to be added to an existing lease.

When I filed a complaint with TREC (Texas Real Estate Commission), I was told that:

> "unless the management company had a representation agreement with the tenant, the company owed a fiduciary duty to the owner only." (Exhibit 6, TREC (Texas Real Estate Commission) letter denying rights)

However, that statement is not true. Licensed Real Estate Professionals are required to follow the laws of the Fair Housing Act, and the Fair Housing Act gives people legal rights before a lease is signed.

In 1968 Congress decided that it is so important for everyone in America to be able to freely choose a place to live without discrimination, that the Federal government created laws to legally define and prohibit discrimination in housing situations; the Fair housing act, 42 U.S.C. 3601 et seq.

The premise behind the Fair Housing Act is that, everyone who lives in America is protected from discrimination in housing, sale, rental, and financing of dwellings, lending, home appraisal, insurance and accessibility. Fair housing means you may freely choose a place to live without regard to your race, color, religion, sex, national origin, disability or familial status.

Ron Leshnower author of the Fair Housing Helper writes:

> "As far as having standing under the Fair Housing Act, what someone's status is as far as a lease is concerned is not a factor. In protecting against discriminatory acts based on

protected classes, the Fair Housing Act doesn't require that a person be listed on a lease to have any rights. Tenants who live on a month-to-month rental agreement with no written lease, roommates who aren't listed on a lease, applicants for an apartment (whether to a new or existing lease), and even prospective tenants who haven't (yet) applied for an apartment (but perhaps saw an allegedly discriminatory advertisement) all have standing. The key is whether the person is what the FHA calls an "aggrieved person," which means he or she either has suffered harm or believes to be about to suffer harm. A judge could decide (right or wrong) that a case doesn't have merit, but dismissing a case because a person is not on a lease (or not on a lease yet) would not make any sense (and I have never heard of it, either)."

In my case as is evident in Exhibit 6, TREC (Texas Real Estate Commission) letter. I was telling your organization that the Property management company employees were trying to charge us the $175 to change the locks, among other things.

It is in the contract that the Property management company has with the Landlord that the Landlord will pay to change the locks.

It is in their contract because the laws of the Texas Property Code says the Landlord is responsible for changing the locks. (See Chapter 92 of the Texas Property Code)

In my complaint I was telling your organization that the Property management company employees were violating the contract they had with the Landlord, were breaking the laws of the Texas Property Code, and that they then Retaliated against me for bringing it to the Landlord's attention that they were breaking the law in her financial favor.

Retaliation by Landlord is a prohibited act. Again, please see Exhibit 5, Sec. 92.331. of the Texas Property Code: RETALIATION BY LANDLORD at this link: http://www.statutes.legis.state.tx.us/Docs/PR/htm/PR.92.htm#92.331

I was in property management for seven years. (See Exhibit 7). I knew there are laws the Property management company was supposed to be following but they are not. They retaliated against me for exercising my legal rights which is also an illegal act. They refused to stop their illegal actions even when I went to the Landlord and asked her to medicate due to their illegal and unethical behavior. The Landlord told me they came highly recommend in our small town and she would not interfere with them doing their job. Her response also let me know she would not be available the next time her representatives broke the law. This created a hostile environment for me, the prospective tenant.

If you know a company is violating contacts and breaking laws before you sign a lease with them, would you sign a lease with them? What would a responsible person do in this housing situation? Would a reasonable person sign a legal document with a company that is violating contracts, breaking laws, as well as attacking and denying them services in a act of retaliation?

I do not believe a reasonable person would sign a lease with a property management company that breaks laws in the Landlord's financial favor, especially when the Landlord will not intervene even when she is informed that her representatives are breaking the law.

When I was in property management I was told a law supersedes a lease. The Fair Housing Act gives Americans the right to freely chose a place to live. It is a Federal law that gives Americans rights BEFORE they sign a lease.

My employer made it a requirement that the employees of our Property management company follow the laws of the Fair Housing Act. We were required to take a Fair housing class and pass a Fair housing exam each year in order to keep our jobs.

This may not be a situation of housing discrimination against a member of a protected class, but it has the effect of preventing an American citizen from freely choosing a place to live. That makes this situation a violation of the 14th Amendment.

However when I filed a complaint with your organization, The Texas Real Estate Commission, I was told I did not have any rights since I did not provide lease documents.

### Denial of legal rights by Texas Real Estate Commission

I was unable to obtain help from TREC with this housing situation, nor could I afford the $25,000 attorney's fee I was quoted.

Given no other option I took the Broker to court.

The Broker's response to my law suit against her property management company was an intentional act of discrimination at best.

She and her lawyer stood in a court of law and said her actions against me were okay because I wasn't on the lease.

My agreement to the judge in state court was that I could not sign the lease with her company since she and her employees were breaking the law.

What reasonable person would sign a legal document with a company that was breaking the law? I do not believe any reasonable person would sign a lease with a company that is breaking the law and refusing to stop their illegal actions.

To tell someone they do not have any rights unless the retaliation against them is on the basis of a protected class is a violation of the 14th amendment. Especially since the Texas property code says that it is illegal to retaliation against a tenant "because the tenant: (1)  in good faith exercises or attempts to exercise against a landlord a right or remedy granted to the tenant by lease, municipal ordinance, or federal or state statute;"

It would also be illegal to force someone to sign a legal document with a company that is breaking the law and retaliating against them in order to have a place to live as this is the equivalent to making someone sign a legal document under duress.

I was in property management for seven years and I know the laws of this profession. I suffer from Post Traumatic Stress Disorder (PTSD) and the hostility and retaliation I experienced in the housing situation was a problem for me due to my anxiety disorder. I could not live in a hostile environment with people who conduct business in an illegal, unprofessional, and hostile manner.

## The Discriminatory Effects Rule

The Fair Housing Act allows for the Discriminatory Effects Rule. The Discriminatory Effects Rule has been interpreted by Congress, as referring to the consequences of an action rather than the actor's intent" and this "results-oriented" language supports disparate impact liability.

The *discriminatory effects rule*, holds, "a facially neutral practice has a "discriminatory effect" where "it actually or predictably results in a disparate impact on a group of persons or creates, increases, reinforces, or perpetuates segregated housing patterns because of race, color, religion, sex, handicap, familial status, or national origin."

The Federal question presented in Texas Department of Housing and Community Affairs vs. Inclusive Communities Project, US Supreme Court No. 13-1371, 5th Circuit Court of Appeals 12- 11211-CV1, was "Whether disparate-impact claims are cognizable under the Fair Housing Act, 42 U.S.C. 3601 et seq." The Supreme Courts ruling was that disparate-impact claims are cognizable under the Fair Housing Act, 42 U.S.C. 3601 et seq.

Quoted in The New York Times' article, The Supreme Court Keeps the Fair Housing Law Effective, By The Editorial Board, June 25, 2015, (Regarding the current case, <u>Texas Department of Housing and Community Affairs vs. Inclusive Communities Project</u>, No. 13-1371);

> "Housing discrimination doesn't have to be intentional to be illegal." That is the point of the Supreme Court's ruling on June 25, 2015 interpreting the Fair Housing Act of 1968 in accord with clear congressional intent, and preserving a well-established and critical tool in the long-running battle to ensure a more integrated society.
>
> By a vote of 5-4, Justice Anthony Kennedy, joined by the four more liberal justices, ruled that the law allows plaintiffs to challenge government or private policies that have a discriminatory effect, without having to show evidence of intentional discrimination.

As stated earlier the hostile environment was a problem for me due to the fact that it triggered my PTSD. I was having a negative reaction that was effecting me physically and interfering with my sleep.

Please do not just dismiss what I am saying lightly. When a person suffers from PTSD they can have an emotional reaction to any event that triggers a memory of the cause of their PTSD.

For example, a veteran of war may hear a car back fire that triggers a memory of a weapon discharge. When this memory is triggered there is an emotional reaction. The emotional reaction triggers a physical reaction known as fight or flight. However in a person with PTSD this fight or flight reaction is hyperactive and can have a debilitating effect.

My PTSD stems from a childhood of domestic violence. For survivors of domestic violence who suffer from PTSD, aggressive verbal confrontation for exercising our rights is enough to trigger the effects of a PTSD attack.

On the Genesis Women's Shelter website it states:

> The Wall Street Journal states that for every soldier returning from war-zones with Post-Traumatic Stress Disorder, there are 10 children in the United States who are traumatized by exposure to domestic violence, with consequences comparable to those of adult

exposure to war-zone violence. (Please see Exhibit 8, Genesis Women's Shelter & Support, Clinical Counseling Trauma Informed Response Program)

By retaliating against me, the property management company made the rental house 'otherwise unavailable' by creating an atmosphere that was unlivable for a disabled person who suffers from a psychiatric anxiety disorder.

This wording, the use of the phrase 'otherwise make unavailable' has been interpreted by Congress, as referring to the consequences of an action rather than the actor's intent" and this "results-oriented" language supports disparate-impact liability.

The Fair Housing Act States:

### Sec. 804. [42 U.S.C. 3604] Discrimination in sale or rental of housing and other prohibited practices

(3) For purposes of this subsection, discrimination includes--

(A) a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises, except that, in the case of a rental, the landlord may where it is reasonable to do so condition permission for a modification on the renter agreeing to restore the interior of the premises to the condition that existed before the modification, reasonable wear and tear excepted.
(B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling; or

I believe by breaking the Realtor Code of Ethics, real estate licensing requirements, and the laws of the land, which result in creating a hostile environment that 'otherwise makes a rental unavailable' for a person who suffer from psychiatric anxiety disorders such as PTSD is a violation of the Fair Housing Act.

My anxiety disorder was also huge problem for me while I was trying to exercising my fair housing rights. At the onset of the trial in state court, I had a PTSD attack in the courtroom. This prevented me from adequately representing my case to the Judge.

The Fair Housing Act allows for free legal representation. I did request the appointment of an attorney but the state court judge would not grant my request.

### Sec. 813. [42 U.S.C. 3613] Enforcement by Private Persons
(b) Appointment of Attorney by Court. -- Upon application by a person alleging a discriminatory housing practice or a person against whom such a practice is alleged, the court may--

(1) appoint an attorney for such person; or
(2) authorize the commencement or continuation of a civil action under subsection (a) without the payment of fees, costs, or security, if in the opinion of the court such person is financially unable to bear the costs of such action.

The Broker's Attorney asked for sanctions against me for exercising my fair housing rights. I was unable to adequately defend myself or these complex legal issues in a court of law. The judge could not

see how I had any rights in the housing situation since I was not on the lease so he granted the Sanctions against me. (See Exhibit 9 - Motion for Sanctions against Plaintiff by property management company Major League Realty in State Court.)

I believe this is one reason why the Fair Housing Act allows for the appointment of an attorney. So the Fair Housing Act can truly be the right of every American, and to prevent situations such as this where the victim of discrimination is sanctioned for exercising their legal rights against the Landlord or the Landlord's legal representatives.

### Enforceable Right

In 1949 the Texas Legislature established the Texas Real Estate Commission to safeguard consumers in matters of real property transactions and valuation services.

Again, please refer to the rejection letter from the Texas Real Estate Commission. TREC refused to recognize my rights, or reprimand the Broker's actions. At best this was a failure to train or supervise situation which could give rise to Section 1983 Litigation for the deprivation of Federal Statutory Rights since the Fair Housing Act is an Enforceable Civil Right.

However I am not seeking financial relief so I am hoping that neither Texas Real Estate Commission nor the Texas Association of Realtors will take an adversary position.

I tried to no avail for over a year to correspond with TREC employees regarding my case. They were already aware of the laws of the Texas Property Code but would not help me even after I informed them of the laws of the Fair Housing Act as well. I contacted TREC before as well as after the state court trial where I was sanctioned for exercising my fair housing rights. I could never get any TREC employee to address the issue of my legal standing.

I feel I have no other option than to bring this issue to Federal district court to ask the Federal Question: "What are the rights of a person in an addendum to a lease housing situation? Would it be just the legal rights of the Fair Housing Act or would the Texas Property Code apply since there is an existing lease involved?"

The Texas Association of Realtors charges membership fees, sells leases and lease addenda. (Again, please see Exhibit 3, The Texas Association of Realtors LEASE AMENDMENT CONCERNING TENANT CHANGE).

Licensed housing providers have an obligation to the public to follow laws. Please see Exhibit 10, The Realtor Fair Housing Declaration as published in the Fair housing Handbook by the National Association of Realtors.

In the introduction of this book it states:

> Equal opportunity in housing still is not a reality for all people who choose to make this nation their home. The elimination of housing discrimination is one of the most challending problems facing society. As REALTORS, we are ethically committed to a housing market free of discriminatino based on race, color, religion, sex, handicap, familial status or national origin.
>
> In 1975, the NATIONAL ASSOCIATION OF REALTORS entered into an Affirmative Marketing Agreement to adi the U.S. Department of Housing and Urban Development

which is responsible for implementing the federal Fair Housing Act. This agreement was renegotiated several times until the Fair Housing Partnership Agreement replaced it in 1996. In 2003, NAR signed an historic new agreement with HUD, the National Association of Real Estate Brokers, National Assocation of Hispanic Real Estate Professionals, and the Asian Real Estate Association of America to jointly promote fair housing practices and to take specific actions to help achieve the national policy of providing fair housing within the Untied States.

Both the Texas Real Estate Commission as well as the Texas Association of Realtors have an obligation to seek an answer to this Federal Question on behalf of both the general public as well as the Licensed housing providers these organizations oversee.

### Request for relief

The relief sought by asking the Federal Question in this case is not of a financial nature. The Plaintiff is seeking to clear her name. She lives in a small town and has been humiliated by the fact that she was the victim of retaliation, and although she followed the law, she was sanctioned; while the employees of the Property management company, who violated the law and retaliated against her, were also able to get sanctions against her for exercising her fair housing rights.

The Plaintiff is asking for vindication from the injustice she has experienced. She is only asking for the legal recognition of the violation of her rights.

Since the Plaintiff is not asking for financial relief from the defendants, she is hoping that both the Texas Real Estate Commission and the Texas Association of Realtors will cooperate with the Plaintiff's request for an answer to her Federal Question. She is hoping both organizations will give this issue the time and consideration it deserves.

The Federal Question of "What are the rights of a person in an addendum to a lease housing situation? Would it be just the legal rights of the Fair Housing Act or would the Texas Property Code apply since there is an existing lease involved?", is an issue of on going interest to both of these organizations.

The rights of a prospective tenant whether to an original lease or on an existing lease is also an issue that both TREC and the Texas Association of Realtors should be addressing with licensees. (See Exhibit 11 – How to file a complaint with the Texas Real Estate Commission and the Texas Association of Realtors.)

If the Texas Association of Realtors is going to continue to sell LEASE AMENDMENT CONCERNING TENANT CHANGE, then the Plaintiff believes this organization has an obligation to the public who sign these addenda. An addition to The Texas Association of Realtors LEASE AMENDMENT CONCERNING TENANT CHANGE listing the signer rights as well as their obligations may be necessary to prevent what happened to her from happening to anyone else who wishes to be added to an existing lease. For this reason she is asking the Texas Association of Realtors to add a statement similar to the following to the The Texas Association of Realtors LEASE AMENDMENT CONCERNING TENANT CHANGE:

> This is a legally binding document that supersedes the original lease. Once a person gives notice that he or she wishes to be added to an existing lease, that person becomes a prospective tenant; with all of the rights and privileges of the Fair Housing Act, 42 U.S.C. 3601 et seq., before this document is signed.

Respectfully Submitted
on March 4th, 2017,

Shelley Soniat
25350 Private Road 4721
Justin, Texas 76247
(940) 594-4053
Pro se

Attachments:

Exhibit 1 – HUD's 19671 Lease Addendum

Exhibit 2 - The Texas Apartment Association page on Renting Basics

Exhibit 3 -  The Texas Association of Realtors LEASE AMENDMENT CONCERNING TENANT
CHANGE and the Texas Real Estate Commission's Amendment to Contract.

Exhibit 4 – The Fair Housing Act

Exhibit 5 - Sec. 92.331. of the Texas Property Code: RETALIATION BY LANDLORD at this
link: http://www.statutes.legis.state.tx.us/Docs/PR/htm/PR.92.htm#92.331

Exhibit 6 -  TREC (Texas Real Estate Commission) letter denying rights

Exhibit 7 – Property management job offer

Exhibit 8 - Genesis Women's Shelter & Support

Exhibit 9 -  Motion for Sanctions against Plaintiff by property management company
Major League Realty in State Court.

Exhibit 10 – The Realtor Fair Housing Declaration as published in the Fair housing Handbook by the
National Association of Realtors.

Exhibit 11 - How to file a complaint with the Texas Real Estate Commission and the Texas Association
of Realtors.

## CERTIFICATE OF SERVICE

I certify that on March 4th, 2017, a copy of Plaintiff's Complaint, and it's attachments were served by First-Class Mail, addressed as follows:

US DISTRICT COURT EASTERN DISTRICT OF TX - Tracking Number: **9405803699300411833273**
101 E PECAN ST RM 216
STE 112
SHERMAN TX 75090-0041

Texas Real Estate Commission - Tracking Number: **9405803699300411833280**
PO Box 12188
Austin, TX 78711-2188

Texas Association of Realtors - Tracking Number: **9405803699300411833297**
1115 San Jacinto Blvd., Ste. 200
Austin, TX 78701-1906

National Association of Realtors - Tracking Number: **9405803699300412192744**
430 N. Michigan Avenue
Chicago, IL 60611-4087

Shelley Soniat
Pro se

General Complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

_Stella Swist_

_____

_____

Case Number : _____

List the full name of each plaintiff in this action.

VS.

_Texas Real Estate Commission (TREC)_

_Texas Association of Realtors_

_National Association of Realtors_

List the full name of each defendant in this action.
Do not use "et al".

Attach additional pages if necessary.

I.     ATTEMPT TO SECURE COUNSEL:

Please answer the following concerning your attempt to secure counsel.

A.     In the preparation of this suit, I have attempted to secure the aid of an
attorney as follows: (circle one)

1.     Employ Counsel
2.     Court - Appointed Counsel
3.     Lawyer Referral Service of the State Bar of Texas,
        P. O. Box 12487, Austin, Texas 78711.

B.     List the name(s) and address(es) of the attorney(s):

_Laura Beshara & Mike Daniel    Dallas Tx_

_Mary B. O'Connor    Dallas, Tx_

_Michael Sarg   John Marshall Law School_

C.    Results of the conference with counsel:

_Could not afford  Referred to bar for Pro Bono_

II.    List previous lawsuits:

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action or any other incidents?    ⌣ Yes    _____ No

B.    If your answer to "A" is "yes",  describe the lawsuit in the space below. If there is more than one lawsuit, attach a separate piece of paper describing each.

1.    Approximate file date of lawsuit: _____

2.    Parties to previous lawsuit(s):

Plaintiff _Shelley Savict_

Defendant _Major League Realty_

Attach a separate piece of paper for additional plaintiffs or defendants.

3.    Identify the court the lawsuit was filed. If federal, name the district.  If state, name the county.

_Denton County Court Law #2_

4.    Docket number in other court. _00884_

5.    Name of judge to whom the case was assigned.
_Robert C Ramirez_

6.    Disposition: Was the case dismissed, appealed or still pending?
_Fair housing_

7.    Approximate date of disposition. _on going - never Resolved_

III.    Parties to this suit:

    A.    List the full name and address of each plaintiff:

        Pla #1 _Shelley Scott_____

        _____

        _____

        Pla #2 _____

        _____

        _____

    B.    List the full name of each defendant, their official position, place of employment and full mailing address.

        Dft #1: ~~Major League~~
Texas Real Estate Commission
P.O. Box 12188 , Austin Tx 78711-2188

        Dft #2: Texas Association of Realtors
1115 San Jacinto Blvd
Suite 200 , Austin, Tx 78701-1994

        Dft #3 National Association of Realtors
430 N. Michigan Ave
Chicago IL 60611-4011

Attach a separate sheet for additional parties.

IV:     Statement of Claim:

State as briefly as possible the fact of your case.  Describe how each defendant is
involved.  Include the names of other persons involved with dates and places.  Do not
give any legal arguments or cite cases or statutes.  If you intend to allege a number of
related claims, number and set forth each claim in a separate paragraph.  Use as much
space as you need, attaching additional pages if necessary.

See  Complaint  Attached

V.    Relief: State Briefly exactly what you want the court to do for you.  Make no legal arguments and do not cite cases or statutes.  Attach additional pages if necessary.

Answer the federal Question:

What are the rights of a person in an addendum to a lease housing situation?

Would it be just the legal Rights of the fair Housing Act or would the Texas Property Code apply since there is an existing lease involved?

Signed this _____ day of __March__ , 20 __2017__
                              (Month)                          (Year)

Shelly _____

25350 PR 4721

Justin, Tx 76247


I declare (certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on: __3-4-17__
                          Date

Shelly _____

_____
Signature of each plaintiff