# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| SHELLEY SONIAT, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:17-CV-00166 |
| | § | JUDGE MAZZANT/JUDGE JOHNSON |
| v. | § | |
| | § | |
| TEXAS REAL ESTATE COMMISSION, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Pending before the Court is *pro se* Plaintiff Shelley Soniat's Motion for an Attorney (Dkt. 6). For the following reasons, the Court finds Plaintiff's motion (Dkt. 6) is **DENIED.**

## I. BACKGROUND

Plaintiff previously filed a lawsuit in three (3) separate actions in this district in 2014.[1] The first case was referred to Magistrate Judge Don D. Bush from Judge Richard Schell (collectively, the "Judicial Defendants") for pretrial management. Judge Bush denied Plaintiff's request for the issuance of summons and recommended Plaintiff's case be dismissed with prejudice for failure to state a claim. *See Soniat v. Jackson*, 2014 WL 6968871, at *2, 6 (E.D. Tex. Dec. 9, 2014). Judge Schell subsequently adopted Judge Bush's report and dismissed the consolidated action. *See Soniat v. Jackson*, 2015 WL 1503650 (E.D. Tex. Mar. 31, 2015). Plaintiff appealed, but the Fifth Circuit affirmed. *See Soniat v. Jackson*, 628 F. App'x 292 (5th Cir. 2016). Plaintiff filed a petition for a writ of certiorari in the Supreme Court, but it was denied on May 16, 2016. *See Soniat v. Jackson*, 136 S. Ct. 2016, 2016 WL 900300 (May 16, 2016).

---

[1] *See Soniat v. Jackson et al.*, No. 4:14cv77, consolidated with 4:14cv122 and 4:14cv131 (E.D. Tex.).

1

On May 20, 2016, Plaintiff filed another lawsuit in this district against the Judicial Defendants and the Department of Housing and Urban Development ("HUD"),[2] asserting that the Judicial Defendants discriminated against her by not allowing her to exercise and enjoy her rights under the Fair Housing Act. Further, she asserted HUD's policy of deferring to the Judicial Defendants' discretion and refusing to respond to her previous lawsuit has a discriminatory effect on women and minorities.

On December 16, 2016, the undersigned entered two (2) Report and Recommendations, recommending Plaintiff's claims be dismissed against all defendants, in which the district court adopted on January 6, 2017. *See Soniat v. Dep't of Hous. and Urban Dev.*, 2017 WL 68562 (E.D. Tex. Jan. 6, 2017); *Soniat v. Dep't of Hous. and Urban Dev.*, 2017 WL 73073 (E.D. Tex. Jan. 6, 2017). That case is currently pending on appeal.

On March 6, 2017, Plaintiff filed the instant action against the Texas Real Estate Commission, Texas Association of Realtors, and National Association of Realtors ("Defendants") (Dkt. 1), wherein she asserted the same complaints essentially stated in her first two (2) lawsuits. On April 3, 2017, Plaintiff filed the Motion for an Attorney, requesting the Court to appoint counsel under 42 U.S.C. § 3613. *See* Dkt. 6 at 1.

## II. LEGAL STANDARD

In general, there is no constitutional right to appointment of counsel in civil cases. *See Santana v. Chandler*, 961 F.2d 514, 516 (5th Cir. 1992). Parties to an action for discrimination in housing may seek the appointment of counsel under 42 U.S.C. § 3613(b)(1). However, appointment of counsel is left to the discretion of the court. *See* 42 U.S.C. § 3613(b); *Roberts v. McKinney Hous. Auth.*, 2007 WL 1795691, at *1 (E.D. Tex. June 20, 2007).

---

[2] *See Soniat v. Dep't of Hous. and Urban Dev.*, No. 4:16cv337 (E.D. Tex.)

Although little case law exists on the appointment of an attorney under 42 U.S.C. § 3613(b), courts have found case law on the appointment of an attorney under 42 U.S.C. § 2000e-5(f)(1) to be instructive and persuasive. *See Jackson v. Park Place Condos. Ass'n, Inc.*, 2014 WL 494789, at *2 (D. Kan. Feb. 6, 2014); *Zhu v. Countrywide Realty Co.*, 148 F. Supp. 2d 1154, 1157 (D. Kan. 2001). Those courts follow factors identified by the Tenth Circuit when evaluating a motion for appointment of counsel. *See id.* (citing *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992)). Before counsel may be appointed under 42 U.S.C. § 2000e-5, the plaintiff requesting the appointment must make affirmative showings of: (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination. *See id.*

### III.   ANALYSIS

As to the first and second elements, Plaintiff has briefly stated that she is unable to afford counsel. *See* Dkt. 1. Although she has not provided financial information, the Court will assume this is true for purposes of this analysis. Plaintiff further showed that she contacted at least three (3) attorneys who refused to represent her. *See* Dkt. 1 at 11. However, Plaintiff cannot show the third element.

To warrant appointment of counsel, Plaintiff must affirmatively show she asserted meritorious claims. *See Jackson*, 2014 WL 494789, at *3. In the instant lawsuit, Plaintiff requests the Court to decide the following questions:

(1) What are the rights of a person in an addendum to a lease housing situation?

(2) Would it be just the legal rights of the Fair Housing Act or would the Texas Property Code apply since there is an existing lease involved?

*See* Dkt. 1 at 1. The Court notes that these questions are similar to the questions raised in Plaintiff's prior lawsuits. Additionally, Plaintiff seemingly complains that Defendants were not proper in

3

rejecting her complaint regarding a potential lease with Major League Realty, Inc. ("Major"). According to Plaintiff, the potential landlord refused to rekey the potential rental property Plaintiff wanted to lease. Defendants responded that they do not have the authority to discipline Major or the potential landlord for the described conduct. *See* Dkt. 1-7. The Court notes that none of these allegations assert violations under the Fair Housing Act against Defendants specifically; thus, Plaintiff has failed to make an affirmative showing of meritorious allegations of discrimination against Defendants.

As to Plaintiff's request that the Court decide questions for her, the Court is not authorized to do so. Article III of the Constitution gives the federal courts jurisdiction over only cases and controversies. *See Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). The controversy must be substantial and real, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts. A plaintiff cannot seek an advisory opinion—one that the federal courts do not have the authority to render. *See Massachusetts v. U.S. Envtl. Prot. Agency*, 549 U.S. 147 (2007) (no justiciable controversy exists when parties ask for an advisory opinion). Here, Plaintiff is requesting the Court to determine what rights "a person in an addendum to a lease" may have, and under what statutory schemes—federal or state—for the sake of clarification for future potential renters. Making this determination for Plaintiff is impermissible as the Court does not have such jurisdiction. Thus, Plaintiff has not stated a meritorious allegation of discrimination against Defendants.

Plaintiff's complaint that Defendants improperly denied her request to discipline Major or the potential landlord is also not enough for the Court to appoint counsel. Even if Plaintiff's argument that licensed real estate professionals are required to follow the laws of the Fair Housing Act is true, she has not shown it is the obligation of Defendants to discipline them, especially when

4

they stated that they are not authorized to do so. *See* Dkt. 1 at 2. The summary of Plaintiff's complaint discusses her grievances towards her ex-boyfriend, the potential landlord, Major, and HUD—claims that have already been dismissed by the court in previous lawsuits. *See generally* Dkt. 1. Further, Plaintiff's hope that Defendants "will cooperate with [] Plaintiff's request for an answer to her [f]ederal [q]uestion" does not adequately state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Thus, Plaintiff has not stated a meritorious allegation of discrimination against Defendants.

The Court has evaluated the substance of Plaintiff's allegations, rather than the form. In its findings herein, the Court has been mindful that *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Tassio v. Onemain Fin., Inc.*, 2016 WL 410024, *1 (E.D. Tex. Feb. 3, 2016). Indeed, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (internal citations omitted). Nonetheless, *pro se* litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). The Court has evaluated Plaintiff's pleadings herein accordingly. Even construing all the facts in a light most favorable to Plaintiff, the Court finds Plaintiff's motion should be denied.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds Plaintiff's motion (Dkt. 6) is **DENIED.**

**SIGNED this 12th day of April, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE